UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSIE HIGHTOWER,<br><br>    Plaintiff,<br><br>    v.<br><br>WILL COUNTY HEALTH DEPARTMENT,<br><br>    Defendant. | No. 24 CV 2516<br><br>Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Plaintiff Jessie Hightower began working for defendant Will County Health Department as a reimbursement specialist in November 2017. During her employment, Hightower allegedly experienced discrimination based on her disability, national origin, race, and age. After complaining to human resources twice with no meaningful response, Hightower filed a charge of discrimination with the Equal Employment Opportunity Commission in June 2023. She was issued a right to sue letter, but did not bring a lawsuit at that time. A few months later, Will County placed Hightower on administrative leave and terminated her in January 2024. Hightower filed a second charge of discrimination with the EEOC and brought this case. Will County moves to dismiss the complaint in part.

I.  **Legal Standards**

When reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a court accepts all well-pled allegations as true and draws all reasonable inferences in favor of the plaintiff. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 881 (7th Cir. 2022). "To survive a motion to dismiss, a plaintiff must plead 'only enough facts to

state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**II.  Facts**

Plaintiff Jessie Hightower began working for defendant Will County Health Department in November 2017 as a reimbursement specialist. [20] ¶ 21.[1] Hightower is African American, has a disability, and is over 40 years old. [20] ¶¶ 22, 27–28. Shortly after starting her job, Hightower's manager began making offensive comments regarding Hightower's national origin. [20] at 30. Hightower reported this behavior to Will County's human resources department. [20] ¶ 32. Will County did not investigate nor take action to prevent further discrimination. [20] ¶¶ 33–34. The harassment continued for about three months. [20] ¶¶ 31, 35.

In 2022, Hightower applied for a promotion. [20] ¶ 36. Despite being more qualified for the position, Will County did not promote Hightower allegedly because of her race and national origin. [20] ¶ 38. Instead, Will County promoted a Hispanic individual with less experience and less time working for the department. [20] ¶ 37.

Around August 2022, Hightower was diagnosed with lipedema which caused her to lose strength in her legs and she began using a walker. [20] ¶¶ 40–41. Hightower informed Will County of her condition. [20] ¶ 41. When her manager saw Hightower with her walker, the manager told Hightower that she should retire because the manager needed a younger person in Hightower's position. [20] ¶¶ 42–

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. When a document has numbered paragraphs, I cite to the paragraph, for example [20] ¶ 1. The facts are taken from plaintiff's amended complaint. [20].

2

43. Hightower reported this behavior to human resources, but no investigation or follow up occurred. [20] ¶¶ 44–45.

In June 2023, Hightower filed a pro se charge of discrimination with the Equal Employment Opportunity Commission alleging that she was subjected to age, disability, national origin, and race-based discrimination, harassment, and retaliation during her employment. [20] ¶ 7; [20-1]. She received a right to sue letter from the EEOC that same month. [20] ¶ 8. She did not file suit within 90 days of receiving the notice. *See* [1] (filing lawsuit in March 2024).

In October 2023, Hightower had her yearly review. [20] ¶ 46. Hightower's manager publicly discussed Hightower's performance with the office door wide open. [20] ¶ 47. Other coworkers, who were outside of Hightower's protected classes, received their performance reviews in a closed office. [20] ¶ 48. Hightower challenged this disparity, but it continued anyway. [20] ¶ 49.

In November 2023, Hightower was placed on administrative leave based on an allegation that Hightower owned a gun. [20] ¶ 50. Hightower denied owning a gun and highlighted the accusation's lack of relevance to her job, but Will County continued investigating her. [20] ¶ 51.

In December 2023, another accusation was made that Hightower failed to meet a patient-related deadline—a directive that Hightower had yet to be informed of. [20] ¶ 52. Hightower alleges that these accusations and investigations were in retaliation for her complaints of discrimination. [20] ¶ 53.

3

In January 2024, Hightower was terminated because of alleged "misconduct" without detailed explanation. [20] ¶ 54. Hightower filed a new charge of employment discrimination with the EEOC for disability, race, color, age, and national origin discrimination, and retaliatory discharge in February 2024. [20] ¶ 10; [20-3]. She received a right to sue letter and filed this case in March 2024. [1]; [20] ¶ 11. Hightower brings claims under Title IX, the ADA, the ADEA and 42 U.S.C. § 1983. [20] ¶¶ 57–136. Will County answered the complaint in part, [22], and moves to dismiss in part, [23].

III. Analysis

    A.    **Timeliness of Filing**

Will County moves to dismiss Hightower's discrimination claims based on conduct that occurred from the start of Hightower's employment to June 2023 as time barred. [24] at 4. It argues that these claims are untimely because they were included in Hightower's first EEOC charge, and Hightower filed this lawsuit more than 90 days after she received her right to sue letter on that charge. [24] at 4–7. Hightower argues that her claims here were included in her second EEOC charge, not the first, and were filed within 90 days of receiving her second right to sue letter. [30] at 4–7.

"A defendant's argument that a discrimination claim is untimely because it was filed outside the 90-day statute of limitations is . . . an affirmative defense." *Del Korth v. Supervalu, Inc.*, 46 F.App'x 846, 848 (7th Cir. 2002). "[A] plaintiff ordinarily need not anticipate an attempt to plead around affirmative defenses." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). Dismissal based on an

4

affirmative defense is only appropriate "when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Id.*

A plaintiff can bring a complaint within ninety days of receiving a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved."). "[I]f the claimant fails to file suit within the ninety-day window, the lapsed claims are not revived by including them in a second EEOC charge and restarting the process." *King v. Ford Motor Co.*, 872 F.3d 833, 839 (7th Cir. 2017). Thus, when a plaintiff has filed multiple EEOC charges, the acts of discrimination alleged in the second, timely EEOC charge must be "separate and distinct" from the acts alleged in the first EEOC charge. *Taylor v. Nw. Mem'l Hosp.*, 521 F.Supp.3d 714, 717 (N.D. Ill. 2021) (citation omitted). Claims that are "reasonably related or similar enough to be within the scope of the first charge" may not be revived by a second charge. *See Giovanni v. Megabus USA, LLC*, No. 14 CV 3195, 2015 WL 6449133, at *3 (N.D. Ill. Oct. 23, 2015). "Claims are like or reasonably related when (1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint and (2) the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019).

Hightower's first EEOC charge alleged that she was discriminated "based on [her] age, disability, national origin, [and] race" and was retaliated against. [20-1] at 2. The charge stated:

> During my employment, I was subjected to harassment. I complained to Respondent. Subsequently, the harassment continued and I was not allowed to move to a desk with a larger work area. I believe I was discriminated against because of my race, Black, national origin, American, and in retaliation for engaging in protected activity. . . . I believe I was discriminated against because of my disability, and in retaliation for engaging in protected activity.

*Id.* Other than the denial of a larger work area and harassment generally, Hightower did not identify specific incidents of discrimination. *Id.* In contrast, Hightower's second EEOC charge identified specific incidents during the same period of alleged harassment by Hightower's manager based on Hightower's national origin, disability, race, and age. [20-3] at 2–3.

In comparing Hightower's first EEOC charge with her second, I "read the claims in the EEOC charge liberally," since Hightower submitted the charge without legal representation. *See Chaidez*, 937 F.3d at 1005 n.3. In this light, Hightower's allegations in her first charge are inclusive of the conduct alleged in her second. While Hightower did not specifically detail her manager's harassment in her first charge, these incidents are "like or reasonably related to" the allegations contained in that charge. The overarching story is the same between the charges: Hightower experienced harassment because of her national origin, race, age, and disability, reported this harassment, and was retaliated against for reporting.

If Hightower had timely brought this complaint based on her first charge, her claims would be considered within the scope of that charge. Hightower's claims of

6

manager harassment and subsequent retaliation from November 2017 to June 3, 2023, would have grown out of an EEOC investigation into the alleged harassment in Hightower's first charge. Therefore, her claims based on national origin, race, disability, and age discrimination from the November 2017 to June 12, 2023, were not timely filed after Hightower received her right to sue letter on the first charge.[2] These claims are dismissed with prejudice as time barred.[3]

### B. Non-Promotion Claims

Will County moves to dismiss Hightower's claims based on her non-promotion in 2022 as time barred, because Hightower did not raise them with the relevant administrative agency within 300 days of the non-promotion. [24] at 7–8. A plaintiff's failure to exhaust administrative remedies is an affirmative defense that she need not anticipate in her complaint, but dismissal is appropriate when a plaintiff "pleads herself out of court by alleging facts that are sufficient to establish the defense." *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006); *see also Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (dismissal is appropriate when "a complaint plainly reveals that an action is untimely under the governing statute of limitations").

Before a plaintiff may sue under Title VII, the ADA, and the ADEA, she must first file a charge with the EEOC. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); 29

---

[2] "Any protected activity during this period could still support a retaliation claim if it triggered later acts of retaliation that are not time-barred." *King*, 872 F.3d at 839 n.2.

[3] If a plaintiff fails to exhaust administrative remedies, the complaint is dismissed without prejudice. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009). But because repleading would not cure untimeliness, untimely claims are dismissed with prejudice.

7

U.S.C. § 626(d)(1). In Illinois, this charge must be submitted within 300 days after the allegedly unlawful employment practice occurred. *See Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014).

Because Hightower filed her second charge against Will County on February 2, 2024, [20-3] at 2, Will County argues that she cannot bring claims based on her non-promotion that occurred in 2022, [24] at 7–8. Hightower argues that the continuing violation doctrine applies to her non-promotion claims because her denial of promotion was not discrete or independently actionable but demonstrates Will County's pattern of discrimination. [30] at 7–10.

Hostile work environment claims are distinct because "[t]heir very nature involves repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). So long as any incident contributing to the hostile work environment occurred within the statutory period, the claim is considered timely under the continuing violation doctrine. *Id.* at 118.

But discrete discriminatory acts like a denial of promotion constitute separate unlawful employment practices. *Id.* at 114. "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 113. Charges based on discrete acts are time barred if not filed within the 300-day window even if they relate to acts alleged in timely filed charges. *Id.* Here, the alleged conduct, denying Hightower a promotion, occurred in 2022, [20] ¶ 36, more than 300 days prior to Hightower filing her second charge in February 2024, [20-3] at 2.

8

Neither the continued discrimination against Hightower nor her termination can be used to "pull in" an otherwise time barred act—the denial of promotion in 2022. *See Morgan,* 536 U.S. at 113. Hightower's claims based on her 2022 non-promotion occurred before the actionable period and are dismissed with prejudice.[4]

### C. Section 1983 Claims

Plaintiff does not oppose defendant's motion to dismiss her claims under 42 U.S.C. § 1983. [30] at 11. These claims are dismissed without prejudice.[5]

## IV. Conclusion

Defendant's motion to dismiss, [23], is granted.

ENTER:

Manish S. Shah
United States District Judge

Date: 01/24/2025

---

[4] The dismissal of untimely claims does not resolve questions of admissibility for evidence offered to prove discriminatory intent or other elements of a timely claim.

[5] Though Will County asks that Hightower's § 1983 claims be dismissed with prejudice, [31] at 6, first dismissals are typically granted without prejudice, and I follow that practice here. *See Ryder v. Hyles*, 27 F.4th 1253, 1258 (7th Cir. 2022) (citing *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015)).